GARAYALDE BROTHERS, PLAINTIFFS AND APPELLEES, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2263.—Decided June 17, 1921.

DAMAGES—EVIDENCE—BURDEN OF PROOF.—By proving that sparks from a locomotive set fire to his property the plaintiff makes out a *prima facie* case and unless the railroad company proves the contrary the plaintiff is entitled to a judgment without further evidence. The burden of proof does not shift from the plaintiff to the defendant, but when the plaintiff has made out a *prima facie* case the burden is upon the defendant to destroy it.

ID.—ID.—When the locomotive which caused the fire complained of is identified, proof of other fires caused by locomotives of the defendant must be limited to those caused by the locomotive identified. The rule is not absolute, for a case might arise where notwithstanding the identification of the locomotive it would be necessary to show the general attitude of the defendant in the usual and current operation of its other locomotives. It was held in this case that the admission of evidence of other fires was not prejudicial error.

ID.—CONTRIBUTORY NEGLIGENCE.—Articles 1, 3, 4, 5, 6 and 9 of the Police Law of Railroads (sections 8861, 8863, 8864, 8865, 8866 and 8869 of the Compilation of the Revised Statutes and Codes of 1911) do not refer to crops in general, but to temporary deposits of materials used for fertilizing and cultivating the lands and harvesting the crops. Therefore, even if it should be concluded that those statutes are in force in Porto Rico, it would not be contributory negligence for the plaintiff to have sugar cane planted less than twenty meters from the defendant's railroad track.

The facts are stated in the opinion.

*Messrs. M. Acosta Velarde* and *F. G. Pérez Almiroty* for the appellant.

*Mr. José de Guzmán Benítez* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Garayalde Brothers, a partnership domiciled in Bayamón, brought an action against the American Railroad Company of Porto Rico, a corporation operating a steam railroad in this Island, to recover two thousand dollars as damages.

The district court gave judgment for the plaintiffs and the defendant then took the present appeal, assigning five errors as follows: 1, in admitting evidence about other fires; 2, in refusing to admit in evidence a spark arrester offered by the defendant; 3, in weighing the evidence with regard to negligence; 4, in fixing the amount of damages, and 5, in deciding the question of contributory negligence raised by the defendant.

The appellant thereafter filed a supplementary brief maintaining that the complaint did not state facts sufficient to constitute a cause of action and that the court erred in holding that under the findings there was negligence on the part of the defendant.

We will begin by examining the question raised in the supplementary brief, for if it should be decided in favor of the appellant it would be unnecessary to consider the other questions raised.

The fourth and fifth counts of the complaint, which are the pertinent ones, are as follows:

"On July 27 of this year, at 3:15 p. m., locomotive No. 58 of the defendant corporation, driven by one of the engineers employed by the said corporation, was running towards San Juan on that part of the track which crosses lands of the Santa Ana plantation and in passing the place where the plaintiffs have the said sugar cane growing, between kilometers 15 and 16, the said locomotive ejected from its smokestack sparks and burning pieces of coal, some of which dropped on the cane field belonging to the plaintiffs and set fire to the cane, destroying 4.01 acres of it out of a piece of twenty acres of first-crop cane, all of which the plaintiffs made known to the defendant on the same day, requesting the corporation to send competent persons to examine and appraise the burned cane so as

to fairly indemnify the plaintiffs for the damages sustained; but the defendant ignored this notice and request.—Fifth: The immediate cause of the fire was the negligence of the defendant corporation, which is not accustomed to keep in good condition the smokestacks and other equipment of its coal-burning locomotives, thus causing fires on the cane fields near its tracks; and particularly on the said 27th of July, 1918, when by reason of the imperfect condition of the coal-burning equipment and of the smokestack of said locomotive No. 58 the fire was caused which destroyed the four and one-hundredth acres of cane of the plaintiff, as already alleged.''

The part of the opinion of the trial court which it is necessary to transcribe is as follows:

''On July 27, 1918, at the hour of 3 or 3:15 p. m., one of the defendant's trains, hauled by locomotive No. 58 of the said corporation and managed by the regular employees of the defendant, was running on its track which in the district of Bayamón crosses the lands of the Santa Ana plantation where the plaintiffs have sugar cane growing. The said locomotive ejected from its smokestack sparks of burning coal and some of them fell on the cane field of the plaintiffs, setting fire to the cane and burning about four and one-hundredth acres of it. The cane was of fifteen months growth and was to be ground in January, 1919. The usual production of these four acres of cane, according to the evidence, is estimated at a total of four thousand quintals of the value of $1,820. It was shown also that the seed lost were worth about $80 and that the ratoons of the cane were damaged to the extent of $200. The burnt cane could not be ground because there was no factory in the district grinding at the time.

''These facts were satisfactorily proved.

''The plaintiffs claimed these damages in the complaint and alleged that the fire was due to the negligence of the defendant which did not keep its locomotives in the necessary condition of safety. The court is of the opinion that on July 27, 1918, the said locomotive had not the necessary conditions of safety as regards the propagation of fire by ejecting sparks or burning pieces of coal. Evidence has been produced to the effect that these sparks were blown out of the smokestack of the locomotive and fell on both sides of the track and on the cane fields, and the evidence in this regard was not conjectural or inferential, but was positive. The defendant

offered evidence to show that it uses on its locomotives spark arresters which do not permit the ejection of burning cinders capable of producing a fire. On this point it is well to bear in mind that whatever may be the efficiency conceded to the spark arrester, the fact is, as stated by the witnesses, that the locomotive in question did emit sparks or burning coal. The court does not know whether the spark arrester was efficient, or whether the locomotive carried none at the time, or whether it was defective. The court knows only that the witnesses testified to these facts.''

In support of its contention the appellant cites the cases of *Lake Erie & W. R. Co.* v. *Miller,* 36 N. W. 428, and *Lake Erie & W. R. Co.* v. *Pettijohn,* 36 N. E. 429. In the former case the Appellate Court of Indiana laid down the following doctrine, which was wholly ratified in the latter case:

''A complaint which alleged that K.'s premises were fired by sparks from a passing engine, that defendant negligently omitted to equip the engine with a proper spark arrester, and that fire spread from K.'s premises to plaintiff's premises without his negligence, was demurrable for want of an allegation that the sparks were negligently permitted to escape to K.'s premises.

''The allegations that the spark arrester was defective, and that defendant was negligent in equipping the engine, do not show that the injury to plaintiff's premises was the proximate result of such negligence.''

It is impossible to form an opinion from the Indiana case alone. This matter has been thoroughly dealt with by the courts. Ruling Case Law, with its accustomed lucidity, summarizes the jurisprudence as follows:

''The question whether the mere fact of fire having escaped from a railroad engine, by reason of which property has been destroyed, is *prima facie* evidence of negligence on the part of the company in the construction and management of such engine, is one upon which there is a conflict of authority. According to the rule established by a number of courts, in the absence of statute no presumption of negligence arises merely from the fact of fire being communicated by an engine of a railroad company, but the plaintiff

must aver and prove the negligence of the company. The most cogent reasons given for the support of this rule are, that a railroad company which is authorized by law to operate its trains by steam is not an insurer against accidents by fire, and is not liable for injuries caused by the use of fire in generating steam, if the right is exercised in a lawful manner and with reasonable care and skill; and the owner of adjacent property assumes all risks incident to a lawful and proper use of the road; that negligence is the gist of the liability, without proof of which an action can not be maintained; and by the general rule in actions founded on negligence, the plaintiff must aver it, and the burden of proof rests upon him, and in no case does the mere fact of injury prove negligence. On the other hand the English courts and a large number of the courts of this country hold that negligence on the part of a railroad company is to be presumed from the escape of the fire, and that proof of the consummation of fire raises the presumption of negligence either in the construction or the management and operation of the engine which communicated the fire, and casts the burden upon the defendant of rebutting this presumption of negligence. The reasoning usually adopted in support of the rule that the origin of the fire being proved against the railroad company, it devolves upon such company to show that it has used all necessary precautions to avoid doing such mischief, is that the agents and employees of the road know, or are at least bound to know, that the engine is properly equipped to prevent fire from escaping, and that they know whether any mechanical contrivances were employed for that purpose, and if so, what was their character; while on the other hand, persons not connected with the road and who only see trains passing at a high rate of speed, have no such means of information, and the same is inaccessible to and can not be obtained by them without great trouble and expense, and then often only as a favor from the company, which, under the circumstances, it would be very likely to withhold." 11 R. C. L. 987.

This court has had occasion to discuss these two tendencies and accepted the latter as more in accord with actual facts and with the spirit of justice which should always guide us in the formation of our own jurisprudence. See the case of *Guzmán* v. *American Railroad Company, ante,* page 375.

We think it well to quote also the summary of the au-

thorities made by Ruling Case Law on the effect of presumption, as follows:

"With regard to the effect of the legal presumption of negligence from proof of the origin of the fire, the rule is sometimes stated to be that when it has been shown that the operation of the engine in question set the fire complained of, the presumption of negligence arises against the company, and the burden is shifted to it to show the exercise of all ordinary and reasonable care and diligence. But a more accurate expression of the rule in the light of the authorities is believed to be that when the plaintiff proves that sparks from a railroad locomotive set fire to his property, it makes a prima facie case, and unless it does rebut the plaintiff's case plaintiff is entitled to recover without further proof. The burden of proof does not shift from the plaintiff to the defendant, but always remains with him, and when the plaintiff has made out his case it devolves upon the defendant to rebut such case." 11 R. C. L. 990.

The complaint and the findings of the court, examined in the light of the line of authorities which we think should prevail, lead to the conclusion that the complaint alleges facts sufficient to constitute a cause of action and that the findings show that the company was negligent and by reason of its negligence caused the damages sued for. And we shall more certainly reach this conclusion if instead of confining ourselves to the findings of the court we study the evidence examined, as we shall see later.

The question raised in the supplementary brief being settled, we shall proceed to discuss the other errors assigned.

Regarding the matter of the admission of evidence of other fires, we have seen that the complaint not only alleges that the locomotive which ejected the burning pieces of coal that caused the fire was defectively equipped, but also makes a general imputation of negligence. We think the plaintiffs went too far. But the fact is that they went to trial with the allegation made in that manner and offered evidence of other fires which was admitted over the defendant's objection.

· The trial was not to a jury, but to a single judge, and his opinion shows that he took no account of the other fires.

In these circumstances, can it be held that an error prejudicial to the defendant was committed?

The jurisprudence on this point is also conflicting and we again resort to Ruling Case Law to state the part which we find most pertinent, as follows:

"With regard to the admissibility of evidence of other fires by other engines to prove the origin or cause of the fire complained of in an action against a railroad for damages to property by communicated fires, there is no little conflict of authority, but it may be stated as the generally accepted rule in cases of this kind, that evidence of other fires by other engines of the defendant railroad company, in the vicinity of the fire complained of and happening at or about the same time as such fire, is admissible as tending to show a possibility and consequent probability that the fire complained of originated from the cause alleged, at least where the engine charged with the fire is not identified. * * * In a number of jurisdictions it is held that where the particular engine supposed to have caused the fire complained of is identified, the plaintiff can not introduce evidence of other fires, or the emission of sparks by other engines of the defendant, to show the origin of the fire. By some authorities however this doctrine of identification has been expressly repudiated, and it is held that without regard to the question of identity, when the question at issue is whether, as a matter of fact, the fire was caused by any locomotive, other fires caused by defendant's locomotives, at about the same time and in the same vicinity, may be given in evidence for the purpose of showing the capacity of locomotive engines to set fires by the emission of sparks or the escape of coals." 11 R. C. L. 996.

The foregoing being the facts and the law, we think that no prejudicial error was committed.

In our judgment the best rule is that when the locomotive which caused the fire is identified the evidence should be limited to it, but even then it should not be held that the rule is absolute, for a case might arise in which when the locomotive is identified it may be necessary, in order to judge

of the conduct of the defendant, to know its general attitude regarding the usual and ordinary operation of its other locomotives.

In the present case the locomotive which caused the fire was identified and the evidence should have been limited to it, inasmuch as it gives a full explanation of the occurrence. In point of fact this was done. The court absolutely ignored that additional evidence and only inquired into and weighed the particular case of the origin of the fire and the fire itself.

The court did not err in refusing to admit in evidence the spark arrester offered by the defendant, because it was not properly identified.

Nor did the court err in weighing the evidence. We have carefully read the transcript of the evidence and in our opinion the proof is complete. It was a Saturday afternoon and one of the owners of the burned cane was near by with some foremen and laborers, paying their wages, and thus they were able to observe the occurrence from the beginning. For about a month it had not rained. The train was heavily loaded and the engine was negotiating a slight incline under forced draft, "ejecting many sparks." One of the witnesses, whose testimony is similar to that of many others, said that "some sparks were three-fourths of an inch in size; I saw them in the air at that place and I could see that they were burning when they fell." The fire started in several places and was controlled only because there were many people near by who immediately worked to extinguish it, yet four acres of cane was destroyed.

The defendant introduced evidence tending to show the care taken by its employees in cleaning and handling its locomotives and equipment and also that locomotive No. 58 was examined and found in perfect order. But taken in connection with the actual facts, this evidence did not convince the trial court. There is one matter which it is well to mention.

We refer to the manner of cleaning the spark arrester and it may be inferred that it was done by hammering, at least on several occasions, although the proper way to clean it is with some kind of a brush. Hammering would save some time, but would result in the risk of destroying or damaging the spark arrester so that it would permit the escape of sparks of the size described in this case and of pieces of burning coal sufficiently large to resist the influence of the air and even to drop alive and cause the fire.

That the fire was due to the live sparks belched from locomotive No. 58 of the defendant is a fact so evident that it need not even be discussed, and that the sparks escaped by reason of the negligence of the defendant is a necessary inference from the facts, the defendant having failed to prove its diligence satisfactorily. See the *Guzmán Case, supra,* and particularly the part citing Thompson on Negligence, section 2263.

Regarding the amount of damages, the evidence for the plaintiffs fully supports the conclusion of the court. The defendant produced the testimony of experts who estimated the value of the cane destroyed at a lower figure. We find no solid argument showing error on the part of the court in believing the witnesses and experts called by the plaintiffs.

Lastly, the fifth assignment raises the question stated by the defendant in its answer as follows:

"And the defendant, as new matter in defense and opposition to the complaint, alleges that if the fire occurred when locomotive No. 58 was passing the place referred to, it was due solely and exclusively to the fault and negligence of the plaintiffs in having their cane planted at a distance of less than twenty meters from the track of the defendant, in violation of subdivisions 3 and 6 of article 1, in connection with articles 3, 4 and 5, subdivision 2 of article 6, and article 9 of the Police Law of Railroads and the Regulations for its execution, approved respectively on February 7, and 17, 1888, and now in force, these articles corresponding to sections 8861, 8863, 8864,

8865, 8866 and 8869 of the Compilation of the Revised Statutes and Codes of Porto Rico of March 9, 1911, this being the sole and proximate cause of the said fire."

Even supposing that the said statutes were in force in Porto Rico, the district court would have committed no error, for the said statutes do not refer to cane fields in general, but only (to cite the most pertinent portion) to temporary deposits of materials to be employed for fertilizing and cultivating lands, and harvests during their gathering. See Compilation of 1911, section 1866.

By virtue of all the foregoing the judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.